IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTUR TYKSINSKI, individually and on behalf of a class of similarly situated individuals,<br><br>      Plaintiff,<br> v.<br><br>THE WM. WRIGLEY JR. COMPANY and MARS INC.,<br><br>      Defendants. | Case No.:<br><br>[*Removed from the Circuit Court of Cook County, Illinois, Case Number 2017CH11877*]<br><br>Complaint Filed: August 30, 2017 |

## NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

  PLEASE TAKE NOTICE that Defendants Wm. Wrigley Jr. Company ("Wrigley") and Mars, Inc. ("Mars") (collectively "Defendants"), through undersigned counsel, hereby remove the case identified in Paragraph 1 below to this Court. The removal is made pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

**I. NATURE OF REMOVED CASE**

  1. On August 30, 2017, Artur Tyksinski, individually and on behalf of a class of similarly situated individuals, filed a putative class action against Wrigley and Mars in the Circuit Court of Cook County, Illinois, Chancery Division. The Complaint is captioned: *Artur Tyksinski v. The Wm. Wrigley. Jr. Company and Mars Inc.*, Case No. 2017CH11877.

  2. Plaintiff challenges the sale of 8 oz. packages of Starburst candy. Complaint ("Compl.") ¶ 10.

9155255

3. Plaintiff alleges that the packaging for this product deceives customers because the front of the package states that the number of calories per serving is 130 and the back of the package identifies the number of calories per serving as 140.

4. Based on this 10 calorie difference, Plaintiff attempts to maintain four causes of action: (1) Violation of Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS § 505/2), (2) Unjust Enrichment, (3) Violation of Illinois Food, Drug, and Cosmetic Act (410 ILCS § 620/1), and (4) Negligent Misrepresentation. Compl. ¶¶ 27-54.

5. Plaintiff seeks to represent a nation-wide putative class consisting of "[a]ll persons in the United States and its territories who, within the relevant statute of limitations, purchased a product manufactured by Defendants that was labeled on the front of the package as containing fewer calories per serving than the amount identified on the back of the packaging." *Id.* ¶ 20(i). Plaintiff alternatively seeks to represent an Illinois subclass consisting of "[a]ll persons who, within the relevant statute of limitations, purchased in the state of Illinois a product manufactured by Defendants that was labeled on the front of the package as containing fewer calories per serving than the amount identified on the back of the packaging." *Id.* ¶ 20(ii).

**II.      VENUE**

6. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court case was pending.

**III.     THE REMOVAL IS TIMELY**

7. The removal is timely under 28 U.S.C. § 1446(b). Plaintiff filed his Complaint in state court on August 30, 2017, and it was served on Wrigley on September 1, 2017. *See*

Exhibit A. Defendants filed this Notice of Removal within 30 days of service of the Complaint on Wrigley.[1]

## IV. NOTICE TO ADVERSE PARTY AND STATE COURT

8. Pursuant to 28 U.S.C. § 1446(d), Defendants are serving written notice of the removal of this case on Plaintiff's counsel:

> Myles McGuire
> Eugene Y. Turin
> David L. Gerbie
> MCGUIRE LAW, P.C.
> 55 West Wacker Drive, 9th Floor
> Chicago, Illinois 60601

9. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a Notice of Filing of Removal of Action to Federal Court with the Clerk of Circuit Court for Cook County, Illinois. A copy of the Notice of Filing of Notice of Removal of Action to Federal Court (without exhibits) is attached hereto as Exhibit B.

## V. THE CONSENT REQUIREMENT IS INAPPLICABLE

10. All Defendants consent to removal of this case and, in any event, this case could be removed without the consent of any other defendant as provided by 28 U.S.C. § 1453(b).

## VI. JURISDICTION EXISTS UNDER THE CLASS ACTION FAIRNESS ACT

11. The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified as 28 U.S.C. §§ 1332(d), 1335, 1441, 1453, 1603, and 1711–1715), confers federal jurisdiction over class actions involving: (a) minimal diversity (i.e., diversity between any putative class member and any defendant); (b) at least 100 putative class members; and (c) at least $5 million in controversy, exclusive of interest and costs. Unlike other removal cases, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC*

---

[1] The thirtieth day after service of the Complaint was October 1, 2017, which was a Sunday. Per Fed. R. Civ. P. 6, the deadline for filing this petition is extended to the next business day.

*v. Owens*, 135 S. Ct. 547, 554 (2014) (citing *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013). ("CAFA's primary objective is to ensure Federal court consideration of interstate cases of national importance.") (internal quotation and citation omitted)). This case satisfies CAFA's requirements.

### A. THE PARTIES ARE DIVERSE

12. The diversity requirement is met here. Mars and Plaintiff are, and were at all relevant times, citizens of different states. *See* 28 U.S.C. § 1332(d)(2)(A).

13. Plaintiff concedes that he is a citizen of Illinois. *See* Compl. ¶ 6.

14. A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This is the corporation's "'nerve center.'" *Id.* at 81. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id.* at 93.

15. Plaintiff concedes that Mars is incorporated in Delaware and that its headquarters is in Virginia. *See* Compl. ¶ 8. Therefore, Mars is not a citizen of Illinois for diversity purposes.

16. Because Mars's citizenship differs from that of at least one member of the putative class, Defendants have carried their burden to demonstrate CAFA's minimal diversity requirement under 28 U.S.C. § 1332(d)(2)(A).

### B. THE PUTATIVE CLASS EXCEEDS 100

17. Defendants do not concede the propriety of Plaintiff's putative class or subclass or that Plaintiff has pled a proper class or subclass. Defendants do not waive and, to the contrary, reserve their rights to challenge the propriety of the putative class and subclass in all respects. However, the Court looks to a plaintiff's allegations respecting class size for purposes of removal. *See Standard Fire Ins. Co.*, 133 S. Ct. at 1348. Plaintiff has pled that the class contains "hundreds, if not thousands, of members." Compl. ¶ 25.

### C. THE AGGREGATE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

18. "When removing a suit, the defendant as proponent of federal jurisdiction is entitled to present its own estimate of the stakes; it is not bound by the plaintiff's estimate." *Back Doctors Lt. v. Metropolitan Property and Cas. Ins. Co.*, 673 F.3d 827, 830 (7th Cir. 2011). "Once this has been done, and supported by proof of any contested jurisdictional facts, the presumption is . . . [that] the estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible." *Id.* Put another way, "[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) (internal citation omitted).

19. The Supreme Court recently held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and does not require evidentiary submissions. *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554. Nonetheless, Defendants also have provided evidentiary submissions in support of their Notice of Removal.

20. Plaintiff claims that the price of the Starburst product at issue is $2.49 and that he "suffered actual monetary damages as a result of having been deceived into paying" that amount for the allegedly mislabeled candy. Compl. ¶ 19. He seeks to recover on behalf of the class "all amounts that Defendants were unjustly enriched based on the conduct described herein" and "the amounts spent on purchasing Defendants' misbranded food products." Compl. ¶¶ 40, 47. By doing so, Plaintiff has placed into controversy *at least* the total price paid by all putative class members, which consists of all consumers nationwide who purchased the Starburst product within the applicable statute of limitations, as well as nationwide purchasers of any of the other "product[s] manufactured by Defendants that w[ere] labeled on the front of the packaging as containing fewer calories per serving than the amount identified on the back of the packaging."

*Id.* ¶ 20(i). Additionally, Plaintiff seeks "treble damages, statutory damages, [and] punitive damages," injunctive relief, and attorneys' fees and costs. Compl. p. 15.

21. Within the limitations period, Defendants' sales of Starburst in 8 oz. packages exceeded $6 million. *See* Declaration of Melissa Hagedorn, ¶ 3, attached hereto as Exhibit C. "[T]he [removal] statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co.*, 133 S. Ct. at 1348. Hence, the amount in controversy is greater than $5 million.

## VII. PAPERS FROM THE REMOVED ACTION

22. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all of the pleadings filed in the Circuit Court of Cook County, Illinois are attached hereto as Exhibit A. Defendants did not answer Plaintiff's Complaint prior to removal and are not aware of any further proceedings or filings regarding this action in that court.

## CONCLUSION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Wm. Wrigley Jr. Company and Mars, Inc. hereby remove the above-captioned action to the United States District Court for the Northern District of Illinois.

Dated: October 2, 2017   Respectfully submitted,

By: /s/ David Chizewer
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 201-4000
Facsimile: (312) 863-7438
david.chizewer@goldbergkohn.com

David A. Forkner (*pro hac vice forthcoming*)
Mara W. Murphy (*pro hac vice forthcoming*)
Eli Schlam (*pro hac vice forthcoming*)
WILLIAMS & CONNOLLY
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
dforkner@wc.com
mmurphy@wc.com
eschlam@wc.com

*Attorneys for Defendants Wm. Wrigley Jr. Company and Mars, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on October 2, 2017, he caused a copy of Defendants' **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** to be served via electronic mail and U.S. Mail, proper postage prepaid, upon the following counsel of record:

> Myles McGuire
> Eugene Y. Turin
> David L. Gerbie
> MCGUIRE LAW, P.C.
> 55 West Wacker Drive, 9th Floor
> Chicago, Illinois 60601
> mmcguire@mcgpc.com
> eturin@mcgpc.com
> dgerbie@mcgpc.com

/s/ David J. Chizewer