# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
09/01/2017
CT Log Number 531871422

| | |
|---|---|
| **TO:** | Sari-Beth Esmail<br>WM. Wrigley Jr. Company<br>600 W Chicago Ave Ste 500<br>Chicago, IL 60654-2282 |

**RE:** **Process Served in Illinois**

**FOR:** WM. WRIGLEY JR. COMPANY (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ARTUR TYKSINSKI, individually and on behalf of a class of similarly situated individuals, Pltf. vs. THE WM. WRIGLEY JR. COMPANY, etc. and MARS INC., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Chancery Division, IL<br>Case # 2017CH11877 |
| **NATURE OF ACTION:** | Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/01/2017 at 13:05 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of receipt |
| **ATTORNEY(S) / SENDER(S):** | Myles McGuire<br>MCGUIRE LAW, P.C.<br>55 W. Wacker Drive, 9th Floor<br>Chicago, IL 60601<br>312-893-7002 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1Z0399EX0116051121 |
| | Image SOP |
| | Email Notification, Debra Fowler debra.fowler@wrigley.com |
| | Email Notification, Sari-Beth Esmail sari-beth.esmail@wrigley.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons

**(01/25/17) CCG N001**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Artur Tyksinski

(Name all parties)

v.

The WM. Wrigley Jr. Company, Mars Inc.

2017CH11877
CALENDAR/ROOM 16
TIME 00:00
Class Action

No. _____

*WM. Wrigley Jr. Company*
*c/o C T Corporation System*
*208 S. Lasalle St. Suite 814*
*Chicago, IL 60604*

Ⓢ SUMMONS ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Dr.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham 16501
S. Kedzie Pkwy. Markham,
IL 60428

☐ Child Support: 50 W.
Washington, LL-01,
Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 56618

Name: McGuire Law, P.C.

Atty. for: Artur Tyksinski

Address: 55 W. Wacker Dr. 9th Fl.

City/State/Zip Code: Chicago, IL 60601

Telephone: 312-893-7002

Primary Email: dgerbie@mcgpc.com

Secondary Email: eturin@mcgpc.com

Tertiary Email: mmcguire@mcgpc.com

Witness: **DOROTHY BROWN** AUG 30 2017

*Dorothy Brown*

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| ARTUR TYKSINSKI, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | 2017CH11877 CALENDAR/ROOM 16 TIME 00:00 |
| *Plaintiff,* | ) ) | No. Class Action |
| v. | ) ) | |
| THE WM. WRIGLEY JR. COMPANY, a Delaware corporation, and MARS INC., a Delaware corporation, | ) ) ) ) | Judge: |
| *Defendants.* | ) ) | |

### CLASS ACTION COMPLAINT & JURY DEMAND

Plaintiff, Artur Tyksinski ("Plaintiff"), on behalf of himself and all other similarly situated individuals, brings this class action complaint against WM. Wrigley Jr. Company, ("Wrigley") and Mars Incorporated ("Mars") (collectively "Defendants"), to seek redress for Defendants' unlawful and deceptive practice of labeling and selling candy products (herein "Starburst" or "Starburst Product") with false calorie information. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.      Defendants engaged in unfair and deceptive business practices by marketing Starburst to consumers nationwide as containing "130 Calories" per serving even though the packaged product contains materially more calories per serving. This practice was intended to induce consumers, including Plaintiff, to purchase the Starburst product under the guise of having a lower caloric value than the Starburst product actually contains.

1

2.     Defendants sold, and continue to sell, these deceptively labeled products to consumers at retail locations throughout the country. The Starburst product manufactured by Defendants features a representation and warranty prominently displayed on the front of the package which claims the product contains "130 calories" per serving when in reality the product contains over 140 calories per serving.

3.     Plaintiff, on behalf of himself and a nationwide class of consumers who purchased Defendants' deceptively labeled products, seeks injunctive and monetary relief against Defendants under state statutory and common law claims.

## JURISDICTION AND VENUE

4.     This Court may assert personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Defendants are doing business within this State and because Plaintiff's claims arise out of Defendants' unlawful in-state actions, as Defendants sold the product at issue to Plaintiff in this State.

5.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendants conduct business in Cook County and thus reside here under § 2 -101, and because Defendants sell the deceptively labeled products in Cook County.

## PARTIES

6.     Plaintiff is a resident of the State of Illinois.

7.     Defendant WM. Wrigley Jr. Company is a Delaware Corporation and a nationwide manufacturer and distributor of gum and candy products.  Wrigley is a wholly owned subsidiary of Mars Incorporated, with its principal place of business in Chicago, Illinois.

2

8.     Defendant Mars Incorporated is an American global manufacturer of confectionary and other food products. Mars is headquartered in Virginia, incorporated in Delaware and operates numerous facilities in Cook County, Illinois.

## COMMON ALLEGATIONS OF FACT

9.     Defendants are among the largest confectionary manufacturers in the world and are responsible for manufacturing, marketing and selling some of America's most familiar confectionary brands including Milky-Way, Skittles and Starburst.

10.    The Starburst product Defendants make and distribute has been sold to consumers under Defendants' Starburst brand beginning at least as early as 2016. The Starburst product at issue is packaged in plastic bags and is produced in various sizes, including an 8 oz. package.

11.    As shown in the images below, the label on the front of the Starburst package at issue clearly advertises to consumers that the product contains "130 Calories" per serving and that the package includes six servings.

3





12. Furthermore, as show in the image below, Defendants have designed their packaging deceptively in order to conceal the true caloric value from the front of the package which consumers such as Plaintiff are more likely to consider in advance of their buying decision. Defendants only reveal the true caloric content of the Starburst product on the back of the packaging where consumers are less likely to consider it prior to purchase:



13.     The Starburst product manufactured by Defendants does not actually contain only 130 calories per serving as stated on the front of the package.   Instead, the Starburst product contains over 140 calories per serving and therefore at least 60 more calories per package than advertised.

14.     As the manufacturer and distributor of Starburst, Defendants were responsible for determining the caloric value of the product and accurately displaying the true caloric value on the

6

front of the package. Instead, in an effort to increase profits and prey on calorie-conscious consumers such as Plaintiff, Defendants marketed the product as having 130 calories per serving on the front of the product, typically the side of the product a consumer sees while the product is sitting on the shelf, despite knowing that in reality the product contained 140 calories per serving.

15.     With rates of heart disease and diabetes on the rise and known to be correlated with high calorie diets, public pressure through non-governmental organizations and governmental organizations such as the Food and Drug Administration has been particularly heavy on manufacturers of confectionaries, including Defendants, to reduce the caloric content of their products. This has led companies to decrease the serving sizes of their products in order to make them appear less calorically dense, and to use other questionable marketing practices.

16.     Plaintiff, a calorie-conscious consumer, reasonably relied on the representations made on the front of the Starburst product and purchased an 8 oz. package of Starburst from a Chicago area branch of a large pharmacy chain in 2017.

17.     Plaintiff purchased the Starburst product based on the caloric value identified on the front of the package as being 130 calories per serving. Plaintiff reasonably relied on the caloric representation placed on the front of the package in choosing to purchase the product and believed that the product consisted of six 130-calorie servings.

18.     Plaintiff would not have purchased the Starburst for the price he paid had he known that its advertised caloric value was false and that, instead of containing six 130-calorie servings, the Starburst actually contained six 140-calorie servings. So instead of receiving and consuming a product which Plaintiff believed contained 780 calories in the entire package, he received a product which contained at least 840 calories in the package.

7

19.     Thus, in addition to damages suffered by Plaintiff's person in the form of consuming appreciably more calories than he intended, Plaintiff suffered actual monetary damages as a result of having been deceived into paying $2.49 for Defendants' falsely labeled Starburst product.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action on behalf of himself and a nationwide class (the "Class"), with one subclass ("Subclass" or "Illinois Subclass"), defined as follows:

(i)     The Class: All persons in the United States and its territories who, within the relevant statute of limitations, purchased a product manufactured by Defendants that was labeled on the front of the packaging as containing fewer calories per serving than the amount identified on the back of the packaging.

(ii)    The Illinois Subclass: All persons who, within the relevant statute of limitations, purchased in the state of Illinois a product manufactured by Defendants that was labeled on the front of the packaging as containing fewer calories per serving than the amount identified on the back of the packaging.

21.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class or Subclass.

22.     Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal

8

litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

23.     Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass, and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

24.     The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class and Subclass are the same, resulting in injury to the Plaintiff and to all of the other members of the Class and Subclass. Plaintiff and the other members of the Class and Subclass have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

25.     There are hundreds, if not thousands, of members of the Class and Subclass such that joinder of all members is impracticable.

26.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

(a)     Whether members of the Class and Subclass purchased the Starburst product manufactured by Defendants and identified as containing 130 calories per serving;

(b)     Whether the Starburst product manufactured by Defendants actually contained 130 calories per serving;

9

(c)     Whether Defendants advertised their Starburst product as containing 130 calories per serving while knowing that it contained more calories;

(d)     Whether Defendants engaged in unfair acts and practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2, *et seq.* (the "ICFA");

(e)     Whether Defendants were unjustly enriched by manufacturing products sold and advertised to consumers as containing less calories than they actually contained;

(f)     Whether the members of the Class and Subclass are entitled to monetary damages;

(g)     Whether Defendants should be enjoined from continuing to sell products that are mislabeled as containing fewer calories per serving than they actually contain.

**COUNT I**
**Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act**
**(815 ILCS § 505/2) against Defendants**
**on behalf of the Illinois Subclass**

27.     Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth herein.

28.     The ICFA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices" including "the use or employment of any deception, fraud . . .[and] misrepresentation . . . of any material fact, with intent that others rely upon the concealment, suppression or omission[.]" 815 ILCS § 505/2.

29.     The ICFA also prohibits the "use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act.'" 815 ILCS § 505/2. Such practices include "engag[ing] in any other conduct which . . . creates a likelihood of confusion or misunderstanding." 815 ILCS § 510/2(a)(12).

10

30.    Defendants knowingly manufactured and labeled the Starburst product sold to consumers in Illinois, and elsewhere throughout the nation, as containing 130 calories per serving even though Defendants knew the product contained 140 calories per serving.

31.    Defendants mislabeled their Starburst product with the intent that consumers rely on its deceptive conduct of claiming that the product contained 130 calories per serving on the front of the package.

32.    Defendants' practice of mislabeling its Starburst product is an unfair practice under the ICFA because it deprives consumers of their ability to make an informed decision about the product that they are purchasing.    This practice also constitutes deception and/or a misrepresentation under the ICFA because Defendants deceive customers by misrepresenting the caloric content of the Starburst product on the front of its packaging.

33.    Defendants' deceptive and unfair acts affect consumers like Plaintiff and the other members of the Subclass, as well as the market generally.  Defendants' deceptive and unfair acts were carried out in the course of trade and commerce as they involved the manufacturing of products that were mislabeled and sold in the stream of commerce to unwitting consumers throughout Illinois and the rest of the nation.

34.    Plaintiff and the other members of the Subclass relied on Defendants' deceptive acts and suffered actual damages as a direct and proximate result of Defendants' unfair and deceptive conduct by purchasing products that they would not have otherwise bought.

35.    Plaintiff bring this claim on behalf of himself and the Subclass pursuant to Section 10(a) of the ICFA, which permits Plaintiff to bring a private cause of action for the above violations and entitles Plaintiff and the other members of the Subclass to actual damages, injunctive relief, as well as costs and attorneys' fees.

11

## COUNT II
### Unjust Enrichment against Defendants
### on behalf of the Class and Illinois Subclass

36. Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth herein.

37. Defendants manufactured and labeled Starburst products that were sold to consumers as containing 130 calories per serving even though Defendants knew they contained significantly more calories per serving than what was advertised on the front of the package.

38. Defendants' unlawful conduct as alleged in this Complaint allowed Defendants to knowingly obtain significant revenues derived from Plaintiff's and Class members' purchases of its Starburst products, at the expense of Plaintiff and the other members of the Class who paid for a product that contained 130 calories per serving but instead received a product that contained materially more calories per serving and which they would not have otherwise purchased.

39. Given Defendants' actions of knowingly manufacturing Starburst products that were not of the same quality, content and value as what was represented to Plaintiff and other members of the Class when they purchased such products, it would be unjust and inequitable for Defendants to retain the benefits conferred by Plaintiff and the other members of the Class.

40. Accordingly, on behalf of himself and the Class, Plaintiff seeks for Defendants to disgorge all amounts that they were unjustly enriched by the conduct described herein and pay restitution to Plaintiff and the other members of the Class for all amounts that Defendants were unjustly enriched based on the conduct described herein.

## COUNT III
### Violation of the Illinois Food, Drug and Cosmetic Act
### (410 ILCS § 620/1) against Defendants
### on behalf of the Illinois Subclass

12

41. Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth herein.

42. Under the IFDCA it is unlawful to manufacture sell, deliver, hold, or offer for sale any food product that is misbranded 410 ILCS § 620/3.1, as well as to disseminate any false advertisement. 410 ILCS § 620/3.5.

43. A food product is considered misbranded under the IFDCA if "its labeling is false or misleading in any particular." 410 ILCS § 620/11(a).

44. Defendants' Starburst product is "misbranded" under the IFDCA because its label falsely states that it contains only 130 calories per serving when it does not in fact contain only 130 calories per serving, and is misleading as to the actual caloric value of the product.

45. Defendants' Starburst product, unlawfully sold to Plaintiff and the other members of the Subclass, had little if any economic value at the time it was sold because such misbranded food products are prohibited under the IFDCA.

46. Plaintiff and the other members of the Subclass would not have purchased Defendants' Starburst product had they been aware that the product was misbranded and prohibited as it was in violation of the IFDCA.

47. Plaintiff and the other members of the Subclass suffered actual harm as a result of Defendants' violation of the IFDCA, and are entitled to monetary damages for the amounts spent on purchasing Defendant's misbranded food product.


**COUNT VI**
**Negligent Misrepresentation against Defendants**
**on behalf of the Class and Illinois Subclass**

13

48.    Plaintiff incorporates by reference Paragraphs 1–26 and 36–47 as if fully set forth herein.

49.    Defendants misrepresented that the Starburst product that they manufactured and sold actually contained only 130 calories per serving when in fact the product contained more than 140 calories per serving.

50.    Defendants knew, or should have known at the time they placed the Starburst product for sale to consumers, that the representation that the product contained only 130 calories per serving was false.    Defendants had no reasonable ground for believing that the product contained only 130 calories per serving.

51.    To the extent Defendants did not have actual knowledge that the Starburst product contained more than 140 calories per serving, Defendants were negligent in not obtaining such knowledge prior to placing such representations on the label of the product and/or prior to placing the product for sale at various retail stores, and Defendants were negligent in misrepresenting and omitting material facts about the product's quality and contents.

52.    Defendants intended that Plaintiff and the other members of the Class and Subclass rely on such misrepresentations, and Plaintiff and the other members of Class and Subclass did in fact rely on such misrepresentations when they purchased the Starburst product.  Plaintiff and the other members of the Class and Subclass would not have purchased the product had they known that it contained more calories than what was advertised on the front of the package.

53.    Plaintiff and the other members of the Class and Subclass suffered actual damages as a direct and proximate result of Defendants' negligent misrepresentation in that they purchased a product of a lesser quality and value than what Defendants had represented to them and expended monies they otherwise would not have expended but for Defendants' misrepresentations.

14

54.     Accordingly, on behalf of himself and the Class and Subclass, Plaintiff seeks compensation for actual damages, as well as equitable relief, including restitution and injunctive relief, costs and attorneys' fees.

WHEREFORE, Plaintiff, on behalf of himself and the Class and Subclass, prays for the following relief:

1.     An order certifying the Class and Subclass, as defined above;

2.     An order awarding Plaintiff and the members of the Class and Subclass their actual damages, treble damages, statutory damages, punitive damages, and/or any other form of monetary relief provided or allowable by law;

3.     An order awarding Plaintiff and the members of the Class and Subclass restitution, disgorgement, or such other equitable relief as the Court deems proper;

4.     An injunction against Defendants prohibiting any further sales of products displaying caloric information identified on the front of the packaging that is different than the caloric information identified on the back of the packaging;

5.     An injunction against Defendants prohibiting any further manufacturing of products displaying caloric information identified on the front of the packaging that is different than the caloric information identified on the back of the packaging;

6.     An order awarding Plaintiff and the members of the Class and Subclass pre-judgment interest;

7.     An award of reasonable attorneys' fees and costs; and

15

8.     Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: August 30, 2017

                                 Respectfully submitted,

                                 ARTUR TYKSINSKI, individually and on behalf of a Class of similarly situated individuals

                                 One of his Attorneys

Myles McGuire
Eugene Y. Turin
David L. Gerbie
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, Illinois 60601
Tel: (312) 893-7002
Firm ID: 56618
mmcguire@mcgpc.com
eturin@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the Proposed Class*

16

# EXHIBIT B

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

ARTUR TYKSINSKI, individually and on
behalf of a class of similarly situated
individuals,

                      Plaintiff,

       v.

THE WM. WRIGLEY JR. COMPANY and
MARS INC.,

                   Defendants.

Case No. 2017CH11877

## NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

TO:   Myles McGuire
       Eugene Y. Turin
       David L. Gerbie
       MCGUIRE LAW, P.C.
       55 West Wacker Drive, 9th Floor
       Chicago, Illinois 60601
       mmcguire@mcgpc.com
       eturin@mcgpc.com
       dgerbie@mcgpc.com

PLEASE TAKE NOTICE that on October 2, 2017, Defendants Wm. Wrigley Jr. Company and Mars, Inc., through undersigned counsel, filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 in the above-captioned action, removing the action to the United States District Court for the Northern District of Illinois, Eastern Division. Attached hereto as Exhibit 1 is a copy of the Notice of Removal (including all exhibits) that was filed in the United States District Court for the Northern District of Illinois.

Dated:  October 2, 2017          Respectfully submitted,

By:\_\_/s/ David Chizewer_____
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
Telephone:  (312) 201-4000
Facsimile:  (312) 863-7438
david.chizewer@goldbergkohn.com

David A. Forkner (*pro hac vice forthcoming*)
Mara W. Murphy (*pro hac vice forthcoming*)
Eli Schlam (*pro hac vice forthcoming*)
WILLIAMS & CONNOLLY
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029
dforkner@wc.com
mmurphy@wc.com
eschlam@wc.com

*Attorneys for Defendants Wm. Wrigley Jr.*
*Company and Mars, Inc.*

2

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ARTUR TYKSINKSI, individually and on
behalf of all others similarly situated,

        Plaintiff,

    v.

THE WM. WRIGLEY JR. COMPANY, and
MARS INC.

        Defendant.

Case No.:

## DECLARATION OF MELISSA HAGEDORN

I, Melissa Hagedorn, hereby testify and declare as follows:

1. I am the Supply Chain Finance Director of Mars Wrigley Confectionary U.S. LLC. I am over the age of eighteen, competent to testify, and have personal knowledge of the matters contained herein. This Declaration is based upon my personal knowledge.

2. As Supply Chain Finance Director, I have knowledge of, I have reviewed, and I am familiar with sales information pertaining to 8 oz. packages of Wrigley's Starburst candies.

3. Over the previous 52-week period, nationwide sales of 8 oz. packages of Starburst candies exceeded $6 million.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 28 day of September 2017, in Chicago Illinois.

_____
Melissa Hagedorn